UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARQUAN MARTICE-ANTQUAN COX,<br><br>                    Plaintiff,<br><br>v.<br><br>COULSON, *et al.*,<br><br>                    Defendants. | Case No. 25-13893<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

## ORDER STRIKING PLAINTIFF'S IMPROPER FILING
### (ECF NO. 14)

Pro se Plaintiff Marquan Martice-Antquan Cox sues under 42 U.S.C. § 1983.  The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 7.

The Court strikes Cox's improper filing.  Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer.  Parties may also file motions that "state with particularity the grounds for seeking" a

court order.  Fed. R. Civ. P. 7(b).  And the Court's local rules permit parties to file responses and replies to motions.  E.D. Mich. LR 7.1(d).

Cox filed a document containing exhibits he wishes to be put on record.  ECF No. 14.  Exhibits unconnected to any motion or other authorized filing are improper.  The Court thus **STRIKES** Cox's exhibits.  ECF No. 14.

The Court also **WARNS** Cox that he may face sanctions if he clogs the docket with improper filings.  "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006).  Cox's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up).  If Cox continues to do so, the sanctions that he may face include "(1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district without leave of

2

court." *Hardy v. Whitaker*, __ F.R.D. ___, 2026 WL 575225, at *11 (E.D.

Mich. Mar. 2, 2026).

s/Elizabeth A. Stafford

ELIZABETH A. STAFFORD

United States Magistrate Judge

Dated: June 3, 2026

## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a

magistrate judge's ruling on a non-dispositive motion, the ruling

remains in full force and effect unless and until it is stayed by the

magistrate judge or a district judge."**  E.D. Mich. LR 72.2.